877 F.2d 61
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Austin WOODALL, Plaintiff-Appellant,
v.
B.R. LESTER, individually and in his capacity as a member of
the West Virginia Department of Public Safety,
Defendant-Appellee.
 No. 88-2633.
 United States Court of Appeals, Fourth Circuit.
 Submitted April 25, 1989.
Decided June 5, 1989.
 
 Rudolph L. di Trapano, Lonnie C. Simmons, Di Trapano & Jackson, on brief for appellant.
 R. Carter Elkins, Campbell, Woods, Bagley, McNeer & Herndon, Thomas N. Trent, Assistant Attorney General, on brief for appellee.
 Before WILKINS, Circuit Judge, HAYNSWORTH, Senior Circuit Judge, and JAMES C. TURK, Chief United States District Judge for the Western District of Virginia, sitting by designation.
 PER CURIAM:
 
 
 1
 Austin Woodall appeals from the dismissal of his civil rights action, 42 U.S.C.A. Sec. 1983 (West 1981), against law enforcement officer B.R. Lester for failure to state a claim upon which relief could be granted. Fed.R.Civ.P. 12(b)(6). On joint motion of the parties, this case was submitted on the briefs. We now affirm.
 
 
 2
 As alleged in the complaint, Woodall was arrested on February 5, 1986 on charges of receiving stolen goods. He pled guilty to two misdemeanor counts in magistrate's court on July 1, 1986 and received a fine. Lester, a member of the West Virginia Department of Public Safety, had participated in the arrest and was present at the guilty plea proceeding. In September 1987 Lester testified before a county grand jury regarding the circumstances surrounding Woodall's receipt of the stolen goods, but he did not mention the fact that Woodall had already been convicted on charges arising from the same conduct. The grand jury indicted Woodall on charges of receiving the same stolen goods, but the indictment was dismissed prior to trial.
 
 
 3
 Woodall filed this action asserting that Lester had deprived him of his constitutional right not to be placed in double jeopardy by not informing the grand jury or the prosecutor regarding the prior conviction on those charges. The district court dismissed the action on the grounds that Lester was entitled to absolute immunity for failure to disclose the prior conviction to the grand jury and he had no duty to disclose the information to the prosecutor.
 
 
 4
 Lester did not violate any "clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Therefore, we need not consider whether Lester is absolutely immune for he is clearly entitled to qualified immunity.
 
 
 5
 AFFIRMED.